UNITED STATES of America, Plaintiff,

v.

Richard HAWORTH, et al., Defendants.

No. CR 95–491–LH.

United States District Court,
D. New Mexico.

July 24, 1996.

Elizabeth Martinez and Robert Kimball, U.S. Attorney's Office, District of New Mexico, Albuquerque, NM, for Plaintiff.

Michael V. Davis, Marc H. Robert, Albuquerque, NM; Billy R. Blackburn, Paul J. Kennedy, Albuquerque, NM; Peter Schoenburg, Albuquerque, NM; Serapio L. Jaramillo, Albuquerque, NM; Floyd W. Lopez, Albuquerque, NM; Edward O. Bustamante, Albuquerque, NM; Roberto Albertorio, Albuquerque, NM; E. Justin Pennington, Albuquerque, NM, for Defendants.

*MEMORANDUM OPINION AND ORDER DENYING DEFENDANT GREGORY'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE SUPERSEDING INDICTMENT*

HANSEN, District Judge.

**THIS MATTER** comes before the Court on Defendant Gregory's Motion to Dismiss Counts One and Two of the Superseding Indictment Because the RICO Act is Unconstitutional (Docket No. 525).[1] Having considered the parties' memoranda, the Court finds that the motion is not well taken and will be denied.

Defendant Gregory contends that the RICO Act is so vague as to be unconstitutional. Specifically, Gregory argues that the following elements of the RICO Act are vague: (1) the requisite "pattern of racketeering activity"; (2) the "enterprise" requirement; (3) the "association" requirement; and, (4) the "conspiracy" provision. He claims that no reasonable person could possibly understand what actions are prohibited by the statute. The Government contends that Gregory has oversimplified the statutory requirements and that Gregory's position is unsupported by precedent.

Because the challenged criminal statute does not involve First Amendment freedoms, the Court must determine Gregory's void-for-vagueness claim on the basis of the statute's applicability to the facts of this case. *Chapman v. United States*, 500 U.S. 453, 467, 111 S.Ct. 1919, 1928–29, 114 L.Ed.2d 524 (1991); *United States v. Gaudreau*, 860 F.2d 357, 361 (10th Cir.1988). In that context, therefore, Gregory must establish that the charged criminal offense, as defined by the RICO Act and as applied to him, lacks "sufficient definiteness [such] that ordinary people can understand what conduct is prohibited[.]" *Id.* at 359.

### 1. "PATTERN OF RACKETEERING ACTIVITY"

The RICO Act provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

The Supreme Court analyzed "pattern of racketeering activity" in *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), and held that the pattern Congress intended to proscribe required more than two predicate acts, but that it could also be interpreted broadly enough to fit a single scheme. In order to establish such a pattern, the Government must prove that there is a relationship between the predicate acts, and that there is a threat of continuing criminal activity. To show relatedness, there must be a showing of "criminal acts with same or similar purposes, results, participants, victims, or methods of commission[.]" *Id.* at 240, 109 S.Ct. at 2901, *quoting Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). To show continuity, the prosecution must show either that there is a threat that criminal acts will be repeated into the future, or that the criminal acts "are

---

1. Defendants Blue (Docket No. 552), Haworth (Docket No. 563), Irizarry (Docket No. 532), Spivey (Docket No. 531), and Urdialez (Docket No. 513) have filed notices of their joinder in all legal motions, presumably including Gregory's Motion to Dismiss.

part of an ongoing entity's regular way of doing business." *H.J., Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902. The adequacy of the prosecution's showing must be analyzed on a case-by-case basis.

Eight of the eleven federal Circuit courts have rejected void-for-vagueness challenges to the "pattern of racketeering activity" portion of the RICO Act. *See United States v. Angiulo*, 897 F.2d 1169, 1180 (1st Cir.), *cert. denied*, 498 U.S. 845, 111 S.Ct. 130, 112 L.Ed.2d 98 (1990); *United States v. Coiro*, 922 F.2d 1008, 1017 (2d Cir.), *cert. denied*, 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991); *United States v. Woods*, 915 F.2d 854, 863–64 (3d Cir.1990), *cert. denied*, 499 U.S. 947, 111 S.Ct. 1413, 113 L.Ed.2d 466 (1991); *United States v. Bennett*, 984 F.2d 597, 606–07 (4th Cir.), *cert. denied*, 508 U.S. 945, 113 S.Ct. 2428, 124 L.Ed.2d 649 (1993); *United States v. Krout*, 66 F.3d 1420, 1432 (5th Cir.1995); *United States v. Glecier*, 923 F.2d 496, 497 n. 1 (7th Cir.), *cert. denied*, 502 U.S. 810, 112 S.Ct. 54, 116 L.Ed.2d 31 (1991); *United States v. Dischner*, 960 F.2d 870, 878 (9th Cir.1992); *United States v. Van Dorn*, 925 F.2d 1331, 1334 n. 2 (11th Cir.1991). Most of these courts have relied on the *H.J., Inc.*, analysis in making their determinations. This Court's analysis of Defendant Gregory's claim is also consistent with *H.J., Inc.*

■■■■ Defendant Gregory argues that no one of reasonable intelligence could comprehend that the acts alleged against him could trigger the severe penalties of RICO. The indictment alleges that Gregory helped to establish a large marijuana trafficking enterprise, that he provided front jobs to members of the organization, and that he distributed marijuana on behalf of the enterprise. The Court cannot agree with Gregory that he would have no way of knowing that these actions might subject him to criminal penalties. The test under the void-for-vagueness doctrine is not whether a reasonable person would know the *extent* of potential penalties, but whether he or she could reasonably anticipate that his or her conduct was prohibited. *See Gaudreau*, 860 F.2d at 359. As noted by Professor Jeffries of the University of Virginia, "[c]riminal liability should be disallowed (on constitutional grounds, if need

be) where a law-abiding person in the actor's situation would not have had reason to avoid the proscribed conduct.... By the same token, criminal liability should be permitted ... where a law-abiding person would have known better." J.C. Jeffries, *Legality, Vagueness, and the Construction of Penal Statutes*, 71 VA.L.REV. 189, 231 (1985). It is inconceivable that a law-abiding person would not know better than to organize with others for the purpose of distributing marijuana, an illegal drug.

The predicate acts alleged satisfy the criteria developed in *H.J., Inc.* The indictment alleges numerous criminal acts, all with the same purpose—to make money from the large-scale distribution of marijuana. The indictment also alleges that the criminal acts were so numerous and so consistent over a period of years as to constitute the enterprise's "regular way of doing business." The RICO statute itself defines "racketeering activity" as including "any act or threat involving . ·. dealing in a controlled substance[.]" 18 U.S.C. § 1961(1)(A). Therefore, the "pattern of racketeering activity" is constitutionally applicable to Defendant Gregory.

#### 2. "ENTERPRISE"

Gregory contends that the term of "enterprise" is vague because "no person of reasonable intelligence could ever comprehend that merely getting together with friends and selling marijuana could result in RICO liability." Gregory Motion at 10. In addition, Gregory claims that the concept of enterprise potentially subjects a defendant to double jeopardy because the government can charge two different enterprises stemming from the same conduct.

■■■■ The Tenth Circuit set out the elements of a racketeering enterprise in *United States v. Sanders*, 928 F.2d 940 (10th Cir. 1991), *cert. denied*, 502 U.S. 845, 112 S.Ct. 142, 116 L.Ed.2d 109 (1991). In order to establish the existence of an enterprise, the prosecution must show: (1) "an ongoing organization with a decision-making framework or mechanism for controlling the group," *id.* at 943; (2) that the enterprise's associates "function as a continuing unit," *id.* at 944; and (3) "the enterprise is shown to be sepa-

rate and apart from the pattern of racketeering activity." The last element is satisfied "if the evidence shows the organization coordinated the commission of different predicate offenses on an ongoing basis." *Id.*

 The indictment alleges all elements necessary to a racketeering "enterprise." The indictment alleges that Gregory was a founding member of an "ongoing organization" established to distribute large quantities of marijuana, and that Defendant Haworth in Las Cruces and Defendant Spivey in Albuquerque controlled the group and its distribution network. *See* Second Superseding Indictment at ¶ 3. The indictment also alleges that the members of the organization functioned "as a continuing unit" via the numerous distribution activities that occurred over a period of more than six years, even during the time one of its primary managers, Defendant Spivey, fled Albuquerque following the murder of Michael Gray. *See* Second Superseding Indictment at ¶¶ 11–15, 32(az), 32(bf). Finally, the indictment alleges 18 racketeering acts coordinated and committed over a six-year period. *See* Second Superseding Indictment at ¶¶ 12–30.

 Moreover, it should not surprise Defendant Gregory or anyone else that "getting together with friends and selling marijuana" could be deemed to be a racketeering enterprise. As aptly noted by the First Circuit in *United States v. Angiulo*, "The statute is not rendered unconstitutionally vague simply because potential uncertainty exists regarding the precise reach of the statute in marginal fact situations not currently before us." *Angiulo*, 897 F.2d at 1179. The facts alleged against Gregory in the present case do not constitute a "marginal fact situation" by any stretch of logic.

 Equally without merit is Gregory's argument that the "enterprise" requirement may subject a defendant to double jeopardy. Any double jeopardy issue is purely speculative because Gregory has been indicted only once. *See United States v. Langella*, 804 F.2d 185, 188–89 (2d Cir.1986) (court found no double jeopardy where defendants were convicted of RICO violations and then indicted for additional racketeering acts, because

the enterprise and pattern of activity alleged in the two indictments were different), *cert. denied*, 488 U.S. 982, 109 S.Ct. 532, 102 L.Ed.2d 564 (1988). Thus, under the present posture of this case, Gregory cannot establish that the "enterprise" requirement is vague as applied to him.

### 3. "ASSOCIATION"

 Defendant Gregory contends the RICO Act's requirement for "association" with an enterprise is vague as applied to him. Pursuant to *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), one cannot be liable under 18 U.S.C. § 1962(c) "unless one has participated in the operation or management of the enterprise itself." *Id.* at 183, 113 S.Ct. at 1172. Gregory claims that because the indictment does not allege that he participated in the operation or management of the enterprise, he cannot be liable under RICO.

 The Court is not persuaded. The gravamen of the charges against Gregory is Gregory's participation in founding the enterprise and providing a means for concealing the enterprise's criminal activity through various "front" jobs. These activities clearly satisfy the requirement for participation in the operation or management of the enterprise. As the Court noted in *Reves*, "[a]n enterprise is 'operated' not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management." *Reves v. Ernst & Young*, 507 U.S. at 184, 113 S.Ct. at 1173. The allegations against Gregory place him in the category of "lower-rung participants," and the "association" requirement of RICO is therefore constitutionally applied to Gregory.

### 4. "CONSPIRACY"

 Defendant Gregory argues that the charge of RICO conspiracy is unconstitutionally vague as applied to him because the crime of conspiracy in general is problematic and ill-defined. Gregory cites no authority finding the crime of conspiracy to be unconstitutionally vague. The Tenth Circuit holds that a defendant, in order to be found guilty of RICO conspiracy, "must agree to person-

**1062**

ally commit two predicate acts, not merely agree to the commission of two predicate offenses by any conspirator." *United States v. Sanders,* 929 F.2d 1466, 1473 (10th Cir.), *cert. denied,* 502 U.S. 846, 112 S.Ct. 143, 116 L.Ed.2d 109 (1991). The requisite agreement may be established by circumstantial evidence. *United States v. Riccobene,* 709 F.2d 214, 224 (3rd Cir.), *cert. denied,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983). Here, the Second Superseding Indictment charges Gregory with two predicate acts. If the Government can prove that Gregory committed those acts and can establish Gregory's personal agreement to do so, then the requirements of the RICO conspiracy statute will be satisfied. The Court will not evaluate the strength of the Government's case in the context of a motion to dismiss. *Cf. United States v. Self,* 2 F.3d 1071, 1082 (10th Cir.1993) (district court may not resolve evidentiary issues on a motion to dismiss).

### 5. Evidentiary Hearing

■ Defendant Haworth, in his Notice of Joinder in Legal Motions, asks for an evidentiary hearing on Gregory's Motion to Dismiss. The Court finds that an evidentiary hearing is not necessary with respect to a motion which challenges the legal sufficiency of the indictment. *See United States v. Brown,* 925 F.2d 1301, 1304 (10th Cir.1991) (sufficiency of indictment should be decided only on the basis of the charges made).

**IT IS, THEREFORE, ORDERED** that Defendant Gregory's Motion to Dismiss Counts One and Two of the Superseding Indictment Because the RICO Act is Unconstitutional (Docket No. 525) is **denied.**